IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LYNA STRONG;** | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 3:23-cv-02847 |
| **RAYMOND PARADISE AND GREYHOUND LINES, INC.** | § § § | |
| Defendants. | § § § § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Lyna Strong, and complains of Defendants Raymond Paradise and Greyhound Lines, Inc., and for cause of action shows the following:

### PARTIES

1. Plaintiff Lyna Strong is an individual resident of Avondale Estates Atlanta, DeKalb County, GA. Her driver's license number is *****611 and her Social Security Number is ***-**-*937.

2. Defendant Raymond Paradise is an individual resident of Wentzville, Saint Charles County, MO and may be served with process at 696 Springfield Dr., Wentzville, MO 63366. Counsel for Defendant Raymond Paradise and Defendant Greyhound Lines, Inc. removed the case from state court to this Court on or about December 22, 2023. On or about February 2, 2024, counsel for Defendant

**PLAINTIFF'S FIRST AMENDED COMPLAINT - Page 1**

Raymond Paradise executed a waiver of service of summons and agreed to accept service on behalf of Defendant Raymond Paradise in the manner provided for by Rule 4 of the Federal Rules of Civil Procedure. As such, additional service on Defendant Raymond Paradise is not sought at this time and all pleadings will be served on Defendant's counsel of record.

3.  Defendant Greyhound Lines, Inc. is a corporation doing business in Texas and may be served with process by serving its registered agent, CT Corporation, 1999 Bryan Street, #900, Dallas, TX 75201. Said Defendant has its principal office in the State of Texas and its corporate address located at 350 N. St. Paul Street, Dallas, Dallas County, Texas. Counsel for Defendant Raymond Paradise and Defendant Greyhound Lines, Inc. removed the case from state court to this Court on or about December 22, 2023. On or about February 2, 2024, Counsel for Defendant Greyhound Lines, Inc. executed a waiver of service of summons and agreed to accept service on behalf of Defendant Greyhound Lines, Inc. in the manner provided for by Rule 4 of the Federal Rules of Civil Procedure. As such, additional service on Defendant Greyhound Lines, Inc. is not sought at this time and all pleadings will be served on Defendant's counsel of record.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the cause pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff is a citizen of Georgia, Defendant Raymond Paradise is a citizen of Missouri, and Greyhound Lines, Inc. is a citizen

of Texas. As such there is complete diversity of citizenship between the parties for purposes of diversity jurisdiction.

5. This Court is the proper venue for this action pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred, and/or a substantial part of property that is subject to this action is situated in Dallas County, Texas, which is within the jurisdictional territory of this Court. Defendant Greyhounds Lines, Inc. is located and based out of Dallas, Dallas County, Texas. Defendant Greyhounds Lines, Inc.'s actions or omissions in connection with the events giving rise to this action occurred in Dallas, Texas, and such acts or omissions form a substantial part of the claims asserted in this action. Furthermore, a substantial part of the property that is subject to this action is situated in Dallas, Texas.

## FACTUAL BACKGROUND

6. This lawsuit arises out of a motor vehicle collision that occurred on or about the night of Monday, May 2, 2022, on east I-44 in Wellston, OK within the city limits of Wellston, Lincoln County, OK.

7. On the day of the collision, Defendant Raymond Paradise was driving a charter bus owned by Defendant Greyhound Lines, Inc. At the time of the wreck, Defendant Raymond Paradise was operating this commercial motor vehicle under the Federal Motor Carrier authority of Defendant Greyhound Lines, Inc.

8.   Plaintiff Lyna Strong was a passenger on the Greyhound Lines, Inc. bus driven by Defendant Raymond Paradise on or about May 2, 2022.

9.   On or about May 2, 2022, the charter bus owned by Defendant Greyhound Lines, Inc. and operated by Defendant Raymond Paradise began to have mechanical issues soon after leaving the bus depot.  Prior to leaving the bus depot, the bus had been late arriving at the bus depot due to already experiencing mechanical issues before arriving. Despite these issues, Defendant Greyhound Lines, Inc. sent Defendant Raymond Paradise out to drive the mechanically suspect bus with passengers, including Plaintiff, on board without fixing the mechanical issues that the bus had been experiencing.

10.   As the bus continued to experience mechanical issues, Defendant Raymond Paradise continued to drive the bus until he decided to pull over to the shoulder of the highway address the mechanical issues with the bus.

11.   Defendant Raymond Paradise then parked his bus on the shoulder of the highway in violation of commonly recognized industry standards instructing drivers of commercial motor vehicles, like the subject bus, not to allow themselves to become a "sitting duck" by parking their commercial motor vehicles on the shoulder of a highway, which is instead supposed to be reserved for emergencies.

12.   Once Defendant Raymond Paradise parked the bus on the shoulder, multiple passengers in the bus urged Defendant Raymond Paradise to exit off the highway and find a safer place to park to address the mechanical issues on the

bus. Defendant Raymond Paradise ignored these calls from his passengers to move off the highway and told the passengers that he had been directed by his dispatcher at Defendant Greyhound Lines, Inc. to pull to the side of the road.

13. As the bus parked on the side of the highway, it was raining and dark outside.

14. Despite the darkness and rain which created a conspicuity issue in making the bus visible to other drivers on the highway, Defendant Raymond Paradise failed to warn other drivers of the bus's presence on the emergency shoulder at night. Defendant Raymond Paradise failed to comply with 49 CFR §392.22 of the Federal Motor Carrier Safety Regulations when he failed to place proper warning triangles, cones, signs or flares outside of his bus to warn other drivers of the bus's presence on the emergency shoulder at night.

15. Defendant Raymond Paradise and Defendant Greyhound Lines, Inc. endangered the safety and welfare of Plaintiff Lyna Strong and other passengers on the bus on May 2, 2022 when they allowed the bus to become a "sitting duck" on the emergency shoulder through the following acts and omissions:

   a. the failure by Defendant Greyhound Lines, Inc. to properly maintain its bus, which caused the bus to suffer mechanical failures while transporting passengers;

   b. the failure by Defendant Raymond Paradise to perform a proper pre-trip inspection before leaving the bus depot in the mechanically troubled bus;

   c. the decision by Defendant Raymond Paradise and Defendant Greyhound Lines, Inc to continue to operate a bus in such a poor

        mechanical condition as to likely cause an accident or breakdown in violation of 49 CFR § 396.7;

d.      the decision by Defendant Raymond Paradise to park unsafely on the shoulder of the highway in violation of widely recognized industry standards, and in defiance of the pleadings of his passengers to take a safer option by driving the bus up to the next exit; and

e.      the omission by Defendant Raymond Paradise in failing to place adequate safety waring devices behind his vehicle to alert other drivers of the bus's presence in violation of 49 CFR §392.22.

16.     As the poorly-maintained bus sat parked unsafely on the emergency shoulder without legally required safety warning devices, a vehicle travelling east on I-44 collided with the rear of the bus.

17.     After the impact, police arrived and Defendant Raymond Paradise was able to drive the bus behind the responding officer to the next exit, indicating that the bus's mechanical issues experienced earlier in the evening would not have prevented Defendant Raymond Paradise from taking a safer option by pulling the bus off of the highway earlier instead of parking on the emergency shoulder and allowing his bus to become a "sitting duck".

18.     As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## CAUSES OF ACTION

19.     Plaintiff incorporates each and every allegation set forth in paragraph 6-18 as if set forth fully herein.

### A. NEGLIGENCE – RAYMOND PARADISE

20. At the time of the motor vehicle collision, Defendant Raymond Paradise was operating his bus negligently. Specifically, Defendant Raymond Paradise had a duty to exercise ordinary care and operate his bus reasonably and prudently. Defendant Raymond Paradise breached that duty in one or more of the following respects:

  a. Failing to make reasonable and proper observations while driving;
  b. Failing to perform a proper pre-trip inspection of the bus;
  c. Failing to timely react to the prior mechanical issues with the bus;
  d. Operating the Greyhound Lines, Inc. bus in such a poor mechanical condition as to likely cause an accident or breakdown in violation of 49 CFR § 396.7;
  e. Deciding to park the Greyhound Lines, Inc. bus in an unsafe position on the shoulder of the highway in violation of universally recognized industry standards for operators of commercial motor vehicles like the bus in question;
  f. Failing to have and/or to place any warning devices to notify other drivers' of their presence on the side of the road in violation of CFR §392.22.

21. Each of the foregoing acts and/or omissions, taken together or individually, constitute negligence and each proximately caused the collision and the injuries and damages sustained by Plaintiff. Moreover, the negligence of Defendant Raymond Paradise in violating the Federal Motor Carrier Safety Regulations, as set out in paragraphs 20(d) and 19(f) above, constitutes negligence as a matter of law.

### B. NEGLIGENT ENTRUSTMENT – DEFENDANT GREYHOUND LINES, INC

22. As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant Greyhound Lines, Inc. was the owner of the vehicle driven by Defendant Raymond Paradise. Defendant Greyhound Lines, Inc. entrusted the vehicle to Defendant Raymond Paradise. Defendant Raymond Paradise was unlicensed, incompetent, and/or reckless and Defendant Greyhound Lines, Inc. knew or should have known that Defendant Raymond Paradise was unlicensed, incompetent, and/or reckless.  Defendant Greyhound Lines, Inc.'s negligence on the occasion in question proximately caused the collision.

### C. RESPONDEAT SUPERIOR – DEFENDANT GREYHOUND LINES, INC

23. Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Raymond Paradise was in the course and scope of employment with Defendant Greyhound Lines, Inc thereby making Defendant Greyhound Lines, Inc liable under the doctrine of *Respondeat Superior*.

### D. NEGLIGENCE – DEFENDANT GREYHOUND LINES, INC

24. Defendant Greyhound Lines, Inc. negligently hired and retained Defendant Raymond Paradise.

25. Moreover, Defendant Greyhound Lines, Inc. failed to properly qualify, train and/or supervise Defendant Raymond Paradise in order to prevent such collision.

26. Moreover, Defendant Greyhound Lines, Inc. failed to properly inspect and maintain their vehicle to ensure it was in a condition that would allow it to be operated safely by its driver. Instead, Defendant Greyhound Lines, Inc. allowed its driver to operate a vehicle in a condition that was likely to cause an accident or breakdown in violation of 49 CFR § 396.7.

## E.   GROSS NEGLIGENCE – DEFENDANT GREYHOUND LINES, INC

27. Plaintiff incorporates each and every allegation set forth in paragraph 6-26 as if set forth fully herein.

28. In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant Greyhound Lines, Inc., because Defendant's conduct was of such character as to constitute gross negligence.

29. Defendant Greyhound Lines, Inc.'s, actions in connection with the collision involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways.

30. Defendant Greyhound Lines, Inc had actual, subjective knowledge of the risk involved, but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when Defendant Raymond Paradise chose to:

   a.   allow Defendant Raymond Paradise to operate a vehicle under Defendant Greyhound Lines, Inc's motor carrier authority on public roadways at the time of the collision;

  b. neglect performing proper maintenance on its bus, which caused the bus to suffer mechanical failures while transporting passengers;

  c. neglect training Defendant Raymond Paradise on how to perform a proper pre-trip inspection before leaving the bus depot;

  d. neglect training Defendant Raymond Paradise on what to do to safely navigate the bus to a suitably safe location if the bus suffered mechanical failures;

  e. neglect training Defendant Raymond Paradise on the dangers of parking on the emergency shoulder; and/or

  f. neglect training Defendant Raymond Paradise on how to properly place adequate safety waring devices behind his vehicle to alert other drivers of the bus's presence.

31. Defendant Greyhound Lines, Inc.'s acts or omissions as set out above, when viewed objectively from the standpoint of the actor at the time of the occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others.

32. Despite Greyhound Lines, Inc.'s subjective and objective awareness of the extreme risk involved, Defendant Greyhound Lines, Inc. acted with conscious indifference to the rights, safety, or welfare of others, including Plaintiff when they engaged in the acts or omissions set forth in paragraphs 30(a)-(f) above.

33. Each of the acts and/or omissions identified in paragraphs 27-32, taken together or individually, constitute gross negligence and each proximately caused the collision and the injuries and damages sustained by Plaintiff.

## DAMAGES

34. As a proximate result of Defendants' negligence and/or gross negligence, Plaintiff suffered extensive injuries and damages. Plaintiff seeks the following damages:

    a. Medical expenses in the past and future;

    b. Lost wages in the past and loss of earning capacity in the future;

    c. Disfigurement;

    d. Physical impairment in the past and future;

    e. Physical pain and suffering in the past and future; and

    f. Mental anguish in the past and future;

    g. Exemplary damages for Greyhound Lines, Inc.'s grossly negligent conduct.

## JURY TRIAL

35. Plaintiff demands a trial by jury and includes the appropriate jury fees.

## RELIEF

36. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recovers judgment against Defendants for:

    a. Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

    b. Plaintiff's future medical expenses;

    c. Plaintiff's lost wages in the past and loss of earning capacity in the future;

  d.  Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

  e.  Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

  f.  Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

  g.  Exemplary damages for Greyhound Lines, Inc.'s grossly negligent conduct;

  h.  Interest on the judgment at the legal rate from the date of judgment;

  i.  Pre-judgment interest on Plaintiff's damages as allowed by law;

  j.  All costs of court; and

  k.  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WITHERITE LAW GROUP, PLLC**

By:  */s/Kristofor S. Heald*
**KRISTOFOR S. HEALD**
State Bar No. 24058770
kris.heald@witheritelaw.com
Brennan Clay
State Bar No. 24105609
brennan.clay@witheritelaw.com
10440 N. Central Expy, Suite 400
Dallas, TX 75231
(214) 378-6665

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 9TH day of February, 2024, pursuant to the Federal Rules of Civil Procedure.

/s/ Kristofor Heald
**KRISTOFOR HEALD**
