IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYNA STRONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2847-K |
| | § | |
| RAYMOND PARADISE AND | § | |
| GREYHOUND LINES, INC., | § | |
| | § | |
| Defendants. | § | |

# **MEMORANDUM OPINION AND ORDER**[1]

## Background

The Court has already addressed several discovery motions in this case.

Most relevant here, the Court granted in part and denied in part Defendants Greyhound Lines, Inc. and Raymond Paradise's Motion for Protective Order to Quash Deposition or, in the Alternative, Limit Deposition Testimony Regarding Unrelated Subsequent Accident [Dkt. No. 47], explaining that

> Defendants ask the Court to enter a protective order quashing Mr. Paradise's deposition or, in the alternative, prohibit Strong from questioning Mr. Paradise regarding the Illinois Accident in his deposition.
> The Court finds that prohibiting the deposition altogether of a named defendant under the circumstances goes too far to address the more specific concerns that Defendants raise regarding questioning

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

about a subsequent accident in which Mr. Paradise was involved.

As to that accident, Defendants assert that Strong bears the burden to prove its relevance under a "substantially similar" test. But that test governs admissibility of evidence of another accident, and the proponent of evidence does bear the burden to show it is admissible. But "[i]nformation within [Federal Rule of Civil Procedure 26(b)(1)'s] scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). As to discoverability, the burden lies with Defendants to establish that sought – after discovery that they resist is not relevant to any party's claim or defense.

But the "substantially similar" test informs what may be relevant to Strong's claims in this case, and the Court finds that, looking to that standard, Defendants have shown that testimony regarding the subsequent accident is not relevant where this case arises out of a May 2022 accident that occurred in Oklahoma, when a third-party driver struck a Greyhound bus parked on the shoulder, and the later, July 2023 accident involved a moving Greyhound bus involved in an accident with one or more "sitting ducks" on the shoulder.

For her part, Strong protests that Defendants are improperly objecting to hypothetical questions that have not even been asked and are attempting to use that as a basis to deny Plaintiff the opportunity to depose a party. And Strong contends that testimony from Mr. Paradise may lead to the discovery of admissible evidence going to Plaintiff's claims of negligent entrustment, negligent hiring, retention, qualification, training, supervision, and gross negligence, against Greyhound, if it reveals that Greyhound routinely fails to take precautions to vet its drivers' qualifications and to ensure such drivers are adequately trained and have the skills to safely operate a bus under multiple circumstances.

But the "reasonably calculated to lead to the discovery of admissible evidence" standard no longer has a basis in the Federal Rules because "[t]he 2015 amendments to Rule 26 deleted from the definition of relevance information that appears 'reasonably calculated to lead to the discovery of admissible evidence.'" *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 573 (N.D. Tex. 2018) (cleaned up). Under Rule 26(b)(1), Strong may seek and obtain discovery regarding any nonprivileged matter that is relevant to Strong's claims as pleaded. *See Samsung Elecs. Am. Inc. v. Chung*, 321 F.R.D. 250, 279-81, 292 (N.D. Tex. 2017).

Under that standard, Strong may ask Mr. Paradise questions about his training and hiring by Greyhound and, more particularly, may ask questions relevant to what she has alleged as to Greyhound's allegedly neglecting to train Mr. Paradise on how to perform a proper pre-trip inspection before leaving the bus depot; on what to do to safely navigate the bus to a suitably safe location if the bus suffered

> mechanical failures; on the dangers of parking on the emergency shoulder; and on how to properly place adequate safety warning devices behind his vehicle to alert other drivers of the bus's presence. *See* Dkt. No. 13. But, under the circumstances, that does not justify asking questions about a later accident that Greyhound has shown would not provide information relevant to Strong's claims arising out of a factually dissimilar, earlier accident.
> 
> The Court will not quash any deposition of Defendant Raymond Paradise at this time but rather enters a protective order to prohibit Strong from questioning Mr. Paradise regarding the Illinois Accident in his deposition, for the reasons explained above.
> 
> And the parties should confer and agree on – and then be flexible during the deposition regarding – appropriate accommodations to address any physical or mental health concerns that Defendants have raised, including permitting appropriate breaks.
> 
> The Court further determines that, under Federal Rules of Civil Procedure 37(a)(5) and 26(c)(3), the parties will bear their own expenses, including attorneys' fees, in connection with this motion.

Dkt. No. 47 (cleaned up).

More recently, the Court entered several orders to address Defendant Greyhound Lines, Inc.'s Motion to Compel Compliance with Subpoenas Served on Health Care Providers and Pharmacies via Depositions on Written Questions [Dkt. No. 84], which sought an order compelling compliance with Federal Rule of Civil Procedure 45 subpoenas issued to Kroger Pharmacy, Walmart, Wellstar West Georgia Medical Center, Emory Clinic at Old 4th Ward, and Shelton Hospitalist Group.

The Court first ordered that

> [a]ny response to Defendant Greyhound Lines, Inc.'s [84] Motion to Compel Compliance with Subpoenas Served on Health Care Providers and Pharmacies via Depositions on Written Questions – which seeks an order compelling compliance with Federal Rule of Civil Procedure 45 subpoenas issued to Kroger Pharmacy, Walmart, Wellstar West Georgia Medical Center, Emory Clinic at Old 4th Ward, and Shelton Hospitalist Group (collectively, "Respondents") – must be filed by Wednesday, May

21, 2025, and any reply must be filed by Wednesday, June 4, 2025.

Defendant Greyhound Lines, Inc.'s counsel is also directed to serve a copy of this Electronic Order and the motion on Kroger Pharmacy, Walmart, Wellstar, West Georgia Medical Center, Emory Clinic at Old 4th Ward, and Shelton Hospitalist Group by Thursday, May 1, 2025 and to then file a certificate of service.

The Court also notes that Greyhound asserts in its [84] Motion to Compel Compliance as one basis for its requested relief that Federal Rule of Civil Procedure "45(d)(1) imposes an affirmative duty on subpoena recipients to avoid undue burden or expense in responding to discovery" and that, "[b]y refusing to comply absent improper preconditions – or ignoring the subpoenas entirely – Respondents have failed to discharge their obligations and have necessitated Court intervention." Dkt. No. 84 at 5.

But that misreads Rule 45(d)(1) and gets backward where the burden that it imposes lands.

"Under Federal Rule of Civil Procedure 45(d)(1), '[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena,' and '[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.'" *MetroPCS v. Thomas*, 327 F.R.D. 600, 606 (N.D. Tex. 2018) (quoting FED. R. CIV. P. 45(d)(1).

"Rule 45(d)(1) imposes a unique affirmative duty," *Sanders v. Scottsdale Ins. Co.*, No. CV 22-2103, 2024 WL 3274793, at *1 (E.D. La. July 2, 2024) – but it does so only on the "party or attorney responsible for issuing and serving a subpoena" and does so for the benefit of "a person subject to the subpoena."

And, so, courts have recognized that Rule 45 provides various, additional "protections to the affected nonparty," including "an express obligation on the subpoenaing party to avoid imposing undue burden or expense on the person subject to the subpoena." *Tusa v. Israel & Sylvia Goldberg Props., L.L.C.*, No. CV 23-1770, 2024 WL 4142833, at *2 (E.D. La. Aug. 20, 2024); *Johnson v. Air Liquide Large Indus. U.S. L.P.*, No. 2:18-CV-259-WCB, 2019 WL 4394854, at *2 (E.D. Tex. Sept. 13, 2019). Courts have, in fact, explained that, under Rule 45, "non-parties have greater protections from discovery" than parties do. *MetroPCS*, 327 F.R.D. at 610 (cleaned up).

The Court reserves judgment as to whether the Court should grant Greyhound's motion as to any or all of the subpoena recipients, but, if it does, it will not be based on a failure to comply with Rule 45(d)(1).

Dkt. No. 86 (cleaned up).

The Court then explained that

> Greyhound reports that Kroger Pharmacy and Walmart have refused to produce records unless provided with a "statement of assurance"; that Wellstar West Georgia Medical Center has refused production pending receipt of an "authorization"; that Emory Clinic at Old 4th Ward and Shelton Hospitalist Group have failed to respond altogether; and that none of the non-responding or conditionally responding entities filed objections or moved to quash, despite the expiration of the time to do so under Federal Rule of Civil Procedure 45.

As ordered, Greyhound's counsel filed Certificate of Service, certifying that a true and correct copy of the Court's Electronic Order (Doc. 86) and Greyhound Lines, Inc.'s Motion to Compel Compliance with Subpoenas (Doc. 84) has been served in accordance with the Federal Rules of Civil Procedure to the following: The Kroger Company, Customer Relations, 1014 Vine Street, Cincinnati, OH 45202; Walmart, 702 SW 8th Street, Bentonville, AR 72716; Emory Clinic at Old Fourth Ward, 740 Ralph McGill Blvd NE, Atlanta, GA 30312; Wellstar West Georgia Medical Center, 1514 Vernon Road, LaGrange, GA 30240; and Shelton Hospitalist Group, 1800 Peachtree Road, Ste 730, Atlanta, GA 30309. See Dkt. No. 47.

No responses have been filed, despite the Court setting a May 21, 2025 deadline.

But, although a copy of the subpoenas were (in some form) attached to Plaintiff Lyna Strong's earlier motion to quash [Dkt. No. 61] (in some cases reflecting – likely quite properly – registered agents' addresses), Greyhound has not filed proof of service in the manner that Federal Rules of Civil Procedure 45(b)(1) and 45(b)(4) require. *See generally Est. of Christman v. Liberty Mut. Ins. Co.*, No. CV 20-739-BAJ-RLB, 2021 WL 2325330, at *8 (M.D. La. June 7, 2021). That is, Greyhound has not filed the written "statement showing the date and manner of service and the names of the persons served" that Rule 45(b)(4) requires or, in so doing, shown that service was properly made on each non-party entity as Rule 45(b)(1) requires. *See Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, No. CV 22-2398, 2023 WL 1074121, at *3 (E.D. La. Jan. 26, 2023); *AM RE Syndicate, Inc. v. Gen. Ins. Corp. of India*, No. 1:22-CV-01028-VEC, 2022 WL 3108817, at *3 (W.D. Tex. Aug. 4, 2022).

Without proof of proper service on each non-party entity, the Court cannot compel the non-party to comply with a subpoena under Federal Rule of Civil Procedure 45(d)(2). *See Am. Fed'n of Musicians of*

> *the U.S. & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015).
>
> And, the Court notes, "although Rule 45(d)(2)(B) generally applies to parties' efforts to obtain written or document discovery from third parties through a subpoena, Rule 45(d)(2)(B) by its own terms applies only where the third party makes objections." *Miles as Next Friend of Q.s v. Dolgencorp of Texas, Inc.*, No. 3:19-cv-2630-X, 2020 WL 6083006, at *2 (N.D. Tex. Oct. 14, 2020). Greyhound reports that, here, no objections were served – but Greyhound also has not submitted the responses that it did receive.
>
> The Court directs Greyhound to file a supplement to its motion by May 30, 2025 to address these deficiencies. If it fails to make that filing, the Court will deny the motion without prejudice.

Dkt. No. 91 (cleaned up).

Finally, the Court denied in part and terminated as moot in part Greyhound's Motion to Compel Compliance with Subpoenas Served on Health Care Providers and Pharmacies via Depositions on Written Questions [Dkt. No. 84], explaining that

> Greyhound is not pressing its motion as to Kroger Pharmacy at this point. *See* Dkt. No. 93 at 1.
>
> As to Walmart, Wellstar West Georgia Medical Center, Emory Clinic at Old 4th Ward, and Shelton Hospitalist Group, Greyhound submits proof that it served its subpoenas by mail, fax, or online submission. *See* Dkt. No. 93.
>
> But, as a threshold matter, motions under Federal Rule of Civil Procedure 45 to compel compliance with (or, for that matter, to quash) a subpoena must be brought in the "court for the district where compliance is required." *See* FED. R. CIV. P. 45(d)-(g). (That is unlike a Federal Rule of Civil Procedure 26(c)(1) motion for a protective order, which is how the Court construed and treated [61] Plaintiff Lyna Strong's Motion to Quash Depositions by Written Questions Dated November 12, 2024 and Motion for Protective Order. *See* Dkt. No. 73.)
>
> The subpoenas at issue as to Wellstar West Georgia Medical Center, Emory Clinic at Old 4th Ward, and Shelton Hospitalist Group require compliance at locations in Georgia. *See* Dkt. No. 61 at 31 of 63; Dkt. No. 61 at 37 of 63; Dkt. No. 61 at 55 of 63; Dkt. No. 93-6 at 3 of 21. And, so, any Federal Rule of Civil Procedure 45 motion seeking to compel compliance must be filed in the United States District Court for the corresponding district in Georgia, as the court for the district where compliance with the subpoena is required. *See* FED. R. CIV. P. 45(d); *see*

*also Vervain, LLC v. Kingston Tech. Co., Inc.*, No. 24-MC-80322-LJC, 2025 WL 885599, at *1-*7 (N.D. Cal. Mar. 21, 2025); *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702 (N.D. Tex. 2017); *accord Hux v. Neutrogena Corp.*, No. 3:23-CV-215-FDW-DCK, 2024 WL 1605392, at *1 (W.D.N.C. Mar. 25, 2024); *Poe v. Am.'s Pizza Co., LLC*, No. 3:14-CV-119-MOC-DCK, 2015 WL 6504796, at *3 (W.D.N.C. Oct. 27, 2015).

But – as to Walmart, and, even as to Wellstar West Georgia Medical Center, Emory Clinic at Old 4th Ward, and Shelton Hospitalist Group, if the Court could properly treat the direction to mail records back to Richardson, Texas as each subpoena's place "where compliance is required" (although the Court can't do so) – Greyhound contends that "[c]ourts have recognized that in-hand delivery is not required if service reasonably ensures receipt by the party being subpoenaed" and that "numerous decisions recogniz[e] that service by certified mail, overnight delivery, or even fax is sufficient when it is calculated to provide actual notice," citing decisions by Maryland and New York district courts. Dkt. No. 93 at 4.

Greyhound asserts that, "[h]ere, service was not only made via fax and mail – but also accompanied by multiple follow-up communications, re-sent subpoenas, and the delivery of Statements of Assurance and court orders" and that "[t]hese cumulative, repeated transmissions – well-documented in exhibits and proofs of service – underscore that the providers were not only served but that they have actual notice of the subpoenas." *Id.*

That may or may not be a fair interpretation of Federal Rule of Civil Procedure 45(b)(1)'s requirement that "[s]erving a subpoena requires delivering a copy to the named person." But the United States Court of Appeals for the Fifth Circuit has held that, under Rule 45(b)(1), "proper service requires... personal delivery of the subpoena." *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003).

Harsh though that may be, that is what the Fifth Circuit's interpretation requires. *See Olmos v. David B. Giles P.C.*, No. 3:22-cv-77-D, 2022 WL 3928492, at *1 (N.D. Tex. Aug. 30, 2022); *Lexington Ins. Co. v. Harvia Oy*, No. 4:13-cv-713-O, 2013 WL 12330197, at *1 (N.D. Tex. Nov. 14, 2013); *Doe v. Cath. Soc. of Religious & Literary Educ.*, No. CIV. A. H-09-1059, 2009 WL 4506560, at *1 (S.D. Tex. Dec. 3, 2009).

Following this binding Fifth Circuit authority, courts in this circuit have held that service by email or certified mail does not satisfy Rule 45(b)(1)'s service requirement. *See Est. of Christman v. Liberty Mut. Ins. Co.*, No. CV 20-739-BAJ-RLB, 2021 WL 2325330, at *8 n.4 (M.D. La. June 7, 2021); *Schumacher v. Cap. Advance Sols., LLC*, No. 4:18-CV-0436, 2021 WL 391416, at *1 (S.D. Tex. Feb. 4, 2021); *Emesowum v. Zeldes*, No. SA-15-CV-831-XR, 2016 WL 3579232, at *10 (W.D. Tex. June 27, 2016), *aff'd*, 697 F. App'x 386 (5th Cir. 2017);

> *Benchmark Ins. Co. v. Johnson Bros. Constr., LLC*, No. 5:15-MC-0412-RP, 2015 WL 12712072, at *1 (W.D. Tex. May 26, 2015).
>
> And courts have held that service by fax doesn't, either. *See Sistrunk v. Haddox*, No. 18-CV-0516, 2019 WL 626141, at *1 (W.D. La. Feb. 13, 2019); *Whitley v. Pinnacle Ent., Inc.*, No. CV 15-595-BAJ-RLB, 2016 WL 6154938, at *2-*3 (M.D. La. Oct. 21, 2016).
>
> Rather, courts in this circuit have held that, when the named person is an entity, service on its registered agent complies with Rule 45(b)(1). *See Hardy v. Scandinavian Airlines Sys.*, No. CV 21-1591, 2025 WL 416106, at *3 (E.D. La. Feb. 6, 2025); *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, No. CV 22-2398, 2023 WL 1074121, at *3 (E.D. La. Jan. 26, 2023); *AM RE Syndicate, Inc. v. Gen. Ins. Corp. of India*, No. 1:22-CV-01028-VEC, 2022 WL 3108817, at *3 (W.D. Tex. Aug. 4, 2022).
>
> Without proof of proper service on each non-party entity, the Court cannot compel the non-party to comply with a subpoena under Federal Rule of Civil Procedure 45(d)(2). *See Traut v. Quantum Servicing, LLC*, No. 3:18-mc-14-D-BN, 2018 WL 1035134, at *5 (N.D. Tex. Feb. 23, 2018); *Am. Fed'n of Musicians of the U.S. & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015).
>
> And, so, the Court must deny Greyhound's motion as to non-parties Walmart, Wellstar West Georgia Medical Center, Emory Clinic at Old 4th Ward, and Shelton Hospitalist Group.

Dkt. No. 98 (cleaned up).

Plaintiff Lyna Strong then filed her Motion for Clarification of Court Order [Dkt. No. 103], explaining that, at the deposition of Defense Expert Matthew Daecher, on June 16, 2025, a disagreement on interpretation arose between counsel regarding this Court's Order on Motion for Protective Order [Dkt. No. 47], where defense counsel strenuously objected to Strong's counsel questioning Defense Expert Matthew Daecher regarding fatigue and expressed his belief that Strong's counsel was attempting to question Mr. Daecher about a subsequent wreck which he believed was in violation of this Court's Order [Dkt. No. 47]. *See* Dkt. No. 103 at 1.

Strong requests that the Court provide clarification on whether the Court's

Order on Motion for Protective Order [Dkt. No. 47] prohibits Plaintiff's counsel from questioning any witness, including Greyhound's Corporate Representative Bryan Hunt, about Defendant Raymond Paradise's Subsequent Accident in July 2023, the NTSB report and findings regarding the July 2023 wreck and any underlying evidence. *See* Dkt. No. 103 at 6.

Greyhound responded in opposition and also filed a Motion for Protective Order under Federal Rule of Civil Procedure 26(c) to preclude Strong's allegedly improper eleventh-hour attempt to pursue an irrelevant line of questioning at the deposition of Greyhound's corporate representative scheduled for June 19, 2025. *See* Dkt. No. 104.

Greyhound asserts that Strong failed to provide proper notice under Federal Rule of Civil Procedure 30(b)(6); that her attempt to revisit an issue the Court has already resolved –the July 2023 Illinois accident is irrelevant to her claims – is procedurally improper and legally unsupported; that Strong's reliance on the NTSB report is barred by federal statute and duplicative of information already produced; and that allowing questioning on this topic, on the eve of a long-scheduled deposition, would prejudice Greyhound and undermine the clear boundaries already established by the Court. *See id.* at 10.

And, so, Greyhound requests that the Court enter a Rule 26(c) protective order barring Strong from questioning, at a deposition, any witness about the 2023 Illinois accident, the NTSB investigation related to it, or any corresponding findings or materials during the corporate representative deposition or any future deposition in this case.

**Discussion**

The Court previously "enter[ed] a protective order to prohibit Strong from questioning [Defendant Raymond] Paradise regarding the [July 12, 2023] Illinois Accident in his deposition." Dkt. No. 47.

That order extended, by its terms, only to questioning of Paradise at his deposition, and so the Court grants Strong's Motion for Clarification of Court Order [Dkt. No. 103] to the extent of making that observation.

But the Court's rationale for the earlier protective order – that "asking questions about a later accident that Greyhound has shown would not provide information relevant to Strong's claims arising out of a factually dissimilar, earlier accident" in Oklahoma on May 2, 2022 – applies equally to questioning of any witness in this case during a deposition.

And, after carefully considering the parties' briefing, the Court agrees with Greyhound's assessment that Strong has "offered no new legal basis, factual development, or change in the pleadings that would alter the Court's prior relevance analysis." Dkt. No. 104 at 6.

Whether the NTSB report is ultimately admissible in this action is a decision for the presiding judge on another day – admissibility and discoverability (or the scope of discovery) are distinct concepts and inquiries. *Accord Alvarado v. Air Sys. Components LP*, No. 3:19-cv-2057-N, 2021 WL 4907033, at *3-*4 (N.D. Tex. Oct. 21, 2021). Federal Rule of Civil Procedure 26(b)(1) provides that "[i]nformation within [its defined] scope of discovery need not be admissible in evidence to be discoverable."

FED. R. CIV. P. 26(b)(1). And that a party may be allowed discovery of certain information, facts, or documents does not predetermine whether the Court will ultimately admit information, facts, or documents into evidence at trial or consider them as competent summary judgment evidence. *See generally R.R. Mgmt. Co. v. CFS La. Midstream Co.*, 428 F.3d 214, 221 (5th Cir. 2005) ("Not all discoverable material is admissible."); *Alvarado*, 2021 WL 4907033, at *4.

But the Court finds no reason to revisit and reverse its determination that questioning about the Illinois accident is not relevant, for Federal Rule of Civil Procedure 26(b)'s purposes, to Strong's claims as pleaded. And the scope of that determination extends to the NTSB's investigation of that later accident and its report and findings regarding that 2023 accident and its causes.

Relatedly, the Court is not persuaded that any of Strong's Rule 30(b)(6) topics – and, specifically, Topics 2, 3, 4, 5, 6, 38, and 42 (to which Strong points) – served for Greyhound's corporate representative deposition fairly, by their terms, encompass questioning on those matters.

But the Court need not rely on the scope of the served topics because the Court now enters a protective order prohibiting – as not relevant, for Rule 26(b)(1)'s purposes, to Strong's pleaded claims – Strong from questioning any witness at deposition regarding Defendant Raymond Paradise's subsequent accident in July 2023 or the NTSB report and findings regarding that July 2023 accident.

But that is as far as the protective order extends. Strong explains that she "seeks to question Greyhound's representative regarding matters related to

-11-

Greyhound's policies/processes and Paradise's employment after this [October 2022] wreck, as relevant to Plaintiff's claim of negligent supervision and monitoring." Dkt. No. 108 at 3. As Greyhound points out, apart from the NTSB report and findings, the underlying factual material it reflects has already been disclosed through ordinary discovery, and the Court is not prohibiting Strong from asking deposition questions about that factual material, even if it happens to overlap with certain factual material or evidence that the NTSB reviewed or relied on in connection with its report and findings on the Illinois accident.

## Conclusion

For the reasons and to the extent explained above, the Court grants in part and denies in part Plaintiff Lyna Strong's Motion for Clarification of Court Order [Dkt. No. 103] and grants in part and denies in part Greyhound Lines, Inc.'s Motion for Protective Order [Dkt. No. 104].

And the Court determines that, under Federal Rules of Civil Procedure 37(a)(5) and 26(c)(3), the parties will bear their own expenses, including attorneys' fees, in connection with these motions.

SO ORDERED.

DATE: July 1, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE