IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYNA STRONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-2847-K |
| | § | |
| RAYMOND PARADISE and | § | |
| GREYHOUND LINES, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff Lyna Strong's Motion for Leave to Amend Complaint (the "Motion") (Doc. No. 117).  Defendant Greyhound Lines, Inc. filed a Response in Opposition (the "Response") (Doc. No. 133) and Defendant Raymond Paradise filed a Joinder in the Response (Doc. No. 136).  Thereafter, Plaintiff Lyna Strong filed a Reply (the "Reply") (Doc. No. 142) to the Response.  The Court has carefully considered the Motion, the Response, the Reply, the proposed amended complaint, the relevant portions of the record, and the applicable law.  The Court finds that Plaintiff does not establish good cause pursuant to Federal Rule of Civil Procedure 16(b)(4) to allow the untimely Motion and, therefore, the Motion is **DENIED**.

1

## I.    Factual and Procedural Background

All record citations herein are to the CM/ECF-assigned page number. The Court recites only the factual and procedural background relevant to the determination of the instant Motion.

On December 21, 2023, Plaintiff Lyna Strong ("Plaintiff") filed suit in state court against Defendant Greyhound Lines, Inc. ("Greyhound") and Defendant Raymond Paradise ("Paradise" and, together with Greyhound, "Defendants"). *See generally* Doc. No. 1-3 (state court petition). Plaintiff alleges that she sustained injuries as a passenger in a charter bus owned by Greyhound and operated by Paradise when it was involved in a collision with a third-party on May 2, 2022. *Id.* at 3-4. In her Original Petition, Plaintiff asserted causes of action against Greyhound and Paradise for negligence, and against Greyhound for negligent entrustment, respondeat superior, and gross negligence. *Id.* at 4-6.

Greyhound removed this case to federal court on December 22, 2023, invoking the Court's diversity jurisdiction. *See* Doc. No. 1 at 1-2. Thereafter on February 9, 2024, Plaintiff filed her First Amended Complaint (the "Complaint") (Doc. No. 13), which is the live pleading. Plaintiff provided further, more detailed factual allegations in support of her same claims against Defendants—negligence against both Greyhound and Paradise, and negligent entrustment, respondeat superior, and gross negligence against Greyhound. Doc. No. 13 at 3-6, 7-10.

On May 2, 2024, the Court entered its Scheduling Order. Doc. No. 23. Pursuant to the Scheduling Order, the parties' deadline to file motions to amend pleadings expired on November 4, 2024, and discovery ran on April 7, 2025. *Id.* at 2-3. The Court then, on the parties' motions, twice extended the deadlines to complete discovery and to file dispositive motions (among other pretrial deadlines) with a final extension granted through July 16, 2025, and August 15, 2025, respectively. *See* Doc. Nos. 57 (Plaintiff's motion), 100 (parties' joint motion). Notably, none of the parties moved the Court to extend the deadline to file motions to amend pleadings at any time during the pendency of this case.

On July 16, 2025, Plaintiff filed this Motion seeking leave to file an amended complaint "asserting gross negligence [sic] seeking to recover exemplary or punitive damages against Defendant Raymond Paradise and explaining, in more detail, her claims of gross negligence against Defendant Greyhound Lines, Inc." Doc. No. 117 at 4-5. About one week after this Motion was fully briefed, Plaintiff and Defendants filed motions for summary judgment on August 15, 2025, none of which are fully briefed. *See* Doc. Nos. 143 (Paradise), 144 (Plaintiff), 145 (Greyhound).

## II.    Standards of Review

It is well-established in the Fifth Circuit that "Rule 16(b) [of the Federal Rules of Civil Procedure] governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *accord Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021); *Innova*

*Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 734-35 (5th Cir. 2018). Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To satisfy this good cause standard, the movant is required to show that, despite their diligence, the scheduling order deadline could not reasonably be met. *Olivarez*, 997 F.3d at 602; *accord S&W Enters.*, 315 F.3d at 535. The court considers four factors in determining whether good cause has been established: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (cleaned up). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536; *see* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "The court considers the four factors holistically and 'does not mechanically count the number of factors that favor each side.'" *Conceal City, L.L.C. v. Looper Law Enf't, LLC*, Civ. Action No. 3:10-CV-2506-D, 2013 WL 5786281, at *3 (N.D. Tex. Oct. 28, 2013)(Fitzwater, C.J.) (quoting *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009)(Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012)).

## III.  Analysis

Plaintiff claims there is good cause for the delay in moving to amend her Complaint because depositions that occurred after the deadline to amend pleadings "revealed more

4

detailed information regarding Plaintiff's claims of gross negligence." Doc. No. 117 at 1. Plaintiff specifically identifies the depositions of Paradise on January 21, 2025, and Greyhound's corporate representative on June 19, 2025, as the sources of this new information. *See, e.g. id.,* at 2. Plaintiff then argues that, because Rule 16(b) good cause has been shown, the Court should grant leave to amend under the lenient Rule 15(a)(2) standard as those factors weigh in favor of allowing the amendment. *Id.* at 4.

The Court has thoroughly reviewed the red-line version of Plaintiff's proposed amended complaint. Doc. No. 132. The proposed amended complaint adds a new claim against Paradise for gross negligence along with exemplary damages, as well as additional factual allegations and significant amendments to her claims against Greyhound for negligence and gross negligence, which includes specifying two separate theories of liability for gross negligence.

### A.    "Good Cause" Standard Under Rule 16(b)(4)

Plaintiff's Motion was filed on July 16, 2025, almost 8 months past the November 4, 2024 deadline to file motions for leave to amend pleadings. Accordingly, the Court must first consider whether Plaintiff establishes good cause for modifying the Scheduling Order deadline to permit the untimely Motion before considering whether the amendment should be allowed under Rule 15(a). *See S&W Enters.,* 315 F.3d at 536.

The Court notes at the outset of this analysis that Plaintiff's argument addressing Rule 16(b) good cause and the four factors is wholly inadequate. Plaintiff's mere two pages of argument on good cause lacks sufficient explanation as to each of the four good

cause factors and certainly with respect to Plaintiff's various proposed amendments. For the reasons explained below, the Court finds that Plaintiff fails to establish good cause on this Motion.

For the first time in her Reply, Plaintiff offers more substantive argument (rather than conclusory assertions) and identifies the specific testimony she claims to have learned during these depositions that arguably supports her proposed amendments. Courts have consistently declined to consider arguments raised in a reply brief that should have been raised in the motion. *See, e.g., Flores v. Garland*, 72 F.4th 85, 92 (5th Cir. 2023) ("Because this argument is fleshed out for the first time in reply, Flores forfeited it."); *Brown v. Bridges*, Civ. Action No. 3:12-CV-4947-P, 2014 WL 2777373, at *2 (N.D. Tex. June 19, 2014)(Horan, MJ.) ("Plaintiff provided more particular arguments in his reply, but that is too little, too late where arguments should not be made for the first time in a reply.") (collecting cases). The Court certainly sees no reason to make an exception here.

Even if the Court were to consider her Motion in conjunction with the more "fleshed out" good cause argument made in the Reply, Plaintiff still failed to establish good cause for the following reasons.

### 1.    Plaintiff's Explanation for the Delay

In her Motion, Plaintiff asserts that "the depositions of the relevant witnesses and parties did not take place until after the expiration of the deadline to amend pleadings" and "[t]he detailed information which this amendment seeks to provide was learned" from these depositions. Doc. No. 117 at 2. Plaintiff refers exclusively to the deposition

of Paradise, which took place on January 21, 2025, and the deposition of Greyhound's corporate representative that occurred on June 19, 2025. *Id.* Plaintiff surmises that the sheer timing excuses the delay. *See* Doc. No. 142 at 4 (in emphasizing that Greyhound delayed in producing Paradise for deposition, Plaintiff argues that "this is good cause as to why Plaintiff did not file a Motion for Leave to file her Amended Complaint to include claims for gross negligence against Raymond Paradise until after [his] deposition.").

It is beyond dispute that any information Plaintiff learned from these two depositions happened after the November 4, 2024 deadline to amend pleadings. But the mere fact that these two depositions occurred after the deadline does not alone excuse the delay as Plaintiff contends and she cites no legal authority for that conclusion. In considering Plaintiff's explanation for the delay, the Court is concerned with the *additional* delay between the depositions (during which she claims to have learned new "detailed information") and the filing of Plaintiff's Motion. *See Joe Hand Promotions, Inc. v. Seay*, 2018 WL 7286494, at *3 (W.D. Tex. Sept. 26, 2018) (finding plaintiff's explanation for its delay carried no weight where it could have moved for leave to amend earlier than it did after receiving information); *Mauer v. Wal-Mart Stores, Inc.*, Civ. Action No. 3:16-CV-2085-BN, 2017 WL 6406619, at *4 (N.D. Tex. Dec. 15, 2017)(Horan, M.J.) (observing that the plaintiff "offer[ed] little explanation" for why she could not have filed an earlier out-of-time motion rather than the later out-of-time motion which she filed after deadlines for discovery and dispositive motions passed). In both her Motion and her

Reply, Plaintiff fails to address this timing or explain why she could not have brought her Motion sooner, notably with respect to the Paradise deposition.

That aside, the Court is further unconvinced that Plaintiff's delay in moving to amend is justified when considering the new information she claims to have learned in these depositions.

a.    Deposition of Defendant Paradise

In moving to add a claim of gross negligence against Paradise, Plaintiff claims that she "did not initially include claims [sic] of gross negligence against Mr. Paradise as it would have been premature to do so." Doc. No. 117 at 3. Beyond this conclusory assertion, Plaintiff does not explain why it would have been "premature". Plaintiff merely states that "Mr. Paradise's deposition testimony as to his decision making regarding both the pre-trip inspection and emergency triangles support a claim of gross negligence against Raymond Paradise in addition to Greyhound Lines, Inc." *Id.*; *see* Doc. No. 142 at 4 (asserting in Reply that she "could not have known Raymond Paradise's rationale for a) failing to do a proper pre-trip inspection, b) pulling the motor coach to the shoulder of the highway rather than exiting, or c) failing to put out emergency triangles until his deposition."). The Court is unpersuaded by Plaintiff's argument that "Raymond Paradise's subjective knowledge of the risk involved in [failing to do a pre-trip inspection, pulling onto the highway shoulder instead of exiting, and/or failing to use warning devices] is critical in [Plaintiff] determining whether a gross negligence claim is properly *pleaded* against him." Doc. No. 142 at 4 (emphasis added).

8

"Under Rule 11 of the Federal Rules of Civil Procedure, a party may include in its complaint any legal contentions warranted by existing law and any factual contentions for which evidentiary support is likely after reasonable discovery." *Joe Hand*, 2018 WL 7286494, at * 3 (citing FED. R. CIV. P. 11(b); *Amin-Akbari v. City of Austin, Tex.*, 52 F. Supp. 3d 830, 844 (W.D. Tex. 2014) (denying leave to amend when the plaintiff asserted a new claim because of "information gleaned in discovery," but did not elaborate on the need or information obtained)).  Plaintiff gives no reasonable explanation for why Paradise's deposition testimony of his "rationale" for each of these alleged decisions/failures was *necessary* "to provide a 'reasonable suspicion' of" a gross negligence claim against him, particularly in light of what Plaintiff admits she already knew and what she has alleged in the live Complaint.  *See also Joe Hand*, 2018 WL 7286494, at *3 (concluding that, even if the plaintiff may have "needed additional facts" to allege its proposed copyright infringement claim, the plaintiff did not need "the verification to Defendants' interrogatories" to do so).

Plaintiff further fails to actually connect-the-dots between the new information she learned during the Paradise deposition and the basis for her proposed gross negligence claim against him.  In her live Complaint, Plaintiff alleges that Paradise: did not use "proper warning triangles, cones, signs or flares" or other warning devices; pulled the bus onto the shoulder of the highway "in violation of commonly recognized industry standards" rather than exiting the highway, while it was dark and raining and despite the "calls from his passengers to move off the highway" and to "find a safer place to park";

"endangered the safety of Plaintiff [] and other passengers"; and failed "to perform a proper pre-trip inspection before leaving the bus depot in the mechanically troubled bus." Doc. No. 13 at ¶¶10-15.  On Plaintiff's briefing, the Court fails to understand, and Plaintiff fails to sufficiently explain, what she learned in Paradise's deposition that she did not already know to support alleging a claim of gross negligence.

"Leave is improper when the facts necessary to amend the pleadings were available prior to the deadline." *Joe Hand*, 2018 WL 7286494, at * 3 (citing *Davis v. Dallas Cnty., Tex.*, 541 F. Supp. 2d 844, 848 (N.D. Tex. 2008)(Fitzwater, CJ.)).  Plaintiff admits that she "knew *ahead of the November 4, 2024 deadline* that Raymond Paradise did not conduct a pre-trip inspection and "did not place warning devices following him pulling the motor coach to the shoulder of the highway". Doc. No. 142 at 4 (emphasis added).  The Court has reviewed the live Complaint in comparison with the redline version of the proposed Second Amended Complaint.  Based on Plaintiff's briefing, the allegations in her live pleading, and the proposed amendments, it appears to the Court that Plaintiff learned nothing new in the Paradise deposition to support her proposed amendments against either Paradise or Greyhound.  Thus, leave to amend to add this claim would be improper.

b.    Deposition of Greyhound's Corporate Representative

The deposition of Greyhound's corporate representative occurred on June 19, 2025.  Although this is closer in time to the filing of this Motion on July 16, 2025, Plaintiff wholly fails to identify any information she learned from the more recent deposition of Greyhound's corporate representative that supports any of her proposed

10

amendments. Plaintiff claims in her Reply that the representative testified, "while emergency triangles could alert drivers that something is wrong with the bus, it was only 'if he [the driver] feels safe enough to do it.'" *Id.* at 5. The Court fails to understand, and Plaintiff fails to explain, how this one single snippet of deposition testimony provides the basis for any of Plaintiff's proposed amendments—the new claim of gross negligence against Paradise, the additional factual allegations, and/or the significant amendments to her claims of negligence and gross negligence against Greyhound, including specifying (for the first time) two separate theories of liability on the gross negligence claim.

          c.      Failure to Explain the Delay

Undoubtedly, the Motion would have been untimely under the circumstances here. But Plaintiff's explanation falls far short of demonstrating some reasonable diligence in moving to amend when she did based on the information learned from these two depositions. Accordingly, the Court finds Plaintiff's explanation for the delay in filing her Motion is inadequate. Thus, the first factor weighs heavily against allowing the untimely Motion.

          **2.**      **Importance of Plaintiff's Amendments**

Plaintiff contends that her proposed amendments are "important because it [sic] allows Plaintiff to make her pleading more detailed, providing Defendants an opportunity [sic] with more information regarding Plaintiff's claims of gross negligence, and specifically alleges gross negligence against Defendant Raymond Paradise." Doc. No. 117 at 3.

11

The Court acknowledges the amendments are arguably important in that Plaintiff would be permitted to provide additional factual allegations supporting her claims, to bring a gross negligence claim against Paradise, and to provide further allegations and theories related to her negligence and gross negligence claims against Greyhound. However, as the Court explained, Plaintiff knew the information regarding Paradise before the deadline to amend expired and, even so, discovered the "new" information seven months prior to filing this Motion. The additional unexplained delay in seeking the amendment effectively weakens any arguable importance. Further, Plaintiff does not explain how the "new" information from the Greyhound corporate representative deposition supports her other proposed amendments, and this certainly undercuts the importance of those amendments. Thus, this factor weighs against allowing the late Motion.

### 3.    Potential Prejudice to Defendants and Availability of a Continuance

The Court considers the third and fourth factors together. In her Motion, Plaintiff asserts that any prejudice to Defendants would be minimal because the proposed amendments "are not 'new' to either Defendant" because they have both been in possession of the information relevant to Plaintiff's claims, including the new claim of gross negligence against Paradise. Doc. No. 117 at 3. Plaintiff further argues that "she would not oppose any continuance should the Court find that the amendment would prejudice Defendants or that a continuance was otherwise necessary due to the amendment." Doc. No. 117 at 4. In her Reply, Plaintiff again claims that Greyhound

12

and Paradise have been "fully aware of all the facts and information" that she has "spen[t] months trying to figure out through reading hundreds of pages of documents and hours of deposition testimony," that she is not adding a new party, and that "[t]his is not a new theory of liability." Doc. No. 142 at 7.

Plaintiff's argument is without merit and, in certain respects, completely inaccurate. First, Plaintiff's Motion seeking leave to amend her Complaint is, according to Plaintiff's own assertions, based solely on information learned during the depositions of Paradise and Greyhound's corporate representative, not on any document production. Further, Plaintiff's proposed amended complaint seeks to add a new claim entirely against Paradise and to amend her gross negligence claim against Greyhound to identify for the first time two separate theories of liability. Plaintiff's attempt to downplay any prejudice to Defendants falls flat. Without question, Defendants would be prejudiced were the Court to allow Plaintiff's untimely Motion to amend.

Discovery closed the day the Motion was filed, and the parties filed motions for summary judgment one month later on August 15, 2025, the dispositive motions deadline. There is simply no question that the Court would have to allow both Paradise and Greyhound additional time to conduct discovery to defend themselves against these proposed amendments which, again, assert an entirely new claim against Paradise and new theories of the gross negligence claim against Greyhound as well as extensive amendments to the negligence claim against Greyhound. Further, the Court would in all likelihood be compelled to allow another round of dispositive motions (including motions

13

to dismiss).  Doing so would necessarily increase litigation costs for all parties as well as delay the resolution of this case.

Turning to the fourth factor, the availability of a continuance to cure any prejudice, the Court is not convinced that continuing the trial of this matter would remedy, rather than compound, the potential prejudice.  This case is set for trial on February 2, 2026. Doc. No. 57.  As the Court just explained, if this amended complaint is permitted, discovery will have to be re-opened and another round of dispositive motion practice will likely follow.  This would necessarily result in a significantly longer continuance of the trial date which, again, will only serve to delay the resolution of this matter further and increase costs for Defendants.  Therefore, any prejudice to Defendants is unlikely to be cured with a continuance and could, in fact, compound the prejudice.

The Court acknowledges that Greyhound (and Paradise by his joinder in the Response) did not address any of the Rule 16(b) good cause factors in the Response. However, it is Plaintiff's burden as the party seeking to file this untimely Motion to establish good cause, including sufficiently addressing why any potential prejudice to Defendants is minimal or non-existent.  And Plaintiff fails to do so here.  Further, the Court has the discretion to control and manage its docket, which includes scheduling decisions.  *See HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir. 2000) ("When the question for the trial court is a scheduling decision, such as whether a continuance should be granted, the judgment range is exceedingly wide, for, in handling its calendar and determining when matters should be considered, the district court must

14

consider not only the facts of the particular case but also all of the demands on counsel's time and the court's.").

For these reasons, the third and fourth factors weigh heavily against allowing the untimely Motion.

### 4.    Consideration of the Four Factors Holistically

The Court has carefully considered the four factors holistically and concludes that they weigh against a finding of good cause to modify the Scheduling Order to permit the untimely Motion to amend. Because Plaintiff does not demonstrate good cause under Rule 16, the Court need not address whether the amendment would be allowed pursuant to the more lenient standard of Rule 15(a). Plaintiff's Motion to amend her complaint is **denied**. *See Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) ("A district court has broad discretion to preserve the integrity and purpose of the pretrial order.") (internal quotations and citation omitted).

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 117).

**SO ORDERED.**

Signed September 17th, 2025.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE

15