IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYNA STRONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2847-K |
| | § | |
| RAYMOND PARADISE and | § | |
| GREYHOUND LINES, INC., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lyna Strong filed this lawsuit against Defendant Raymond Paradise and Defendant Greyhound Lines, Inc. (collectively, "Defendants") alleging negligence claims arising out of a motor vehicle collision. *See* Dkt. Nos. 1 & 13.

The parties participated in discovery and an unsuccessful settlement conference. *See, e.g.*, Dkt. Nos. 40, 67, & 83. Both Strong and Greyhound moved for summary judgment, and Paradise joined Greyhound's motion. *See* Dkt. Nos. 143-45.

Briefing on the parties' motions is complete. *See* Dkt. Nos. 146-47, 153-55, 157-58.

United States District Judge Ed Kinkeade referred the motions for summary judgment [Dkt. No. 143-145] to the undersigned United States magistrate judge for hearing, if necessary, and for findings, conclusions, and recommendations. *See* Dkt. No. 159.

The undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should grant in part and deny in part Strong's motion for summary judgment [Dkt. No. 143], grant Defendants' motion for summary judgment [Dkt. No. 144], and dismiss this case with prejudice.

## Factual Background

The following facts are undisputed.

On May 2, 2022, Strong was a passenger on a bus operated by Greyhound and driven by Paradise. *See* Dkt. No. 13 at 4; Dkt. No. 14 at 2.

The bus experienced a mechanical issue while on an Oklahoma highway. *See* Dkt. No. 146 at 2.

Paradise parked the bus on the right shoulder of the highway. Dkt. No. 13 at 5; Dkt. No. 14 at 2. The bus was approximately two feet from the roadway and was not obstructing traffic. *See* Dkt. No. 146 at 3. It was dark and raining, and the road was wet. Dkt. No. 13 at 5; Dkt. No. 14 at 2; Dkt. No. 147-6 at 4.

Paradise turned on the bus's hazard, interior, and exterior lights. *See* Dkt. No. 146 at 3. He did not place cones or reflective triangles near the bus, as required by Section 392.22 of the Federal Motor Carrier Safety Regulations ("FMCSR"). *See* Dkt. No. 13 at 5; Dkt. No. 147-2 at 15; *see also* 49 C.F.R. § 392.22 (2024). The bus remained on the shoulder for over an hour. *See* Dkt. No. 147-5 at 7.

At approximately 2:20 a.m., a 2004 Nissan Titan driven by Landon Richmond hit the left side of the bus, crossed the shoulder, and landed in the ditch on the right side of the shoulder. Dkt. No. 147-6 at 5.

Richmond reported to police that "he fell asleep behind the wheel, which caused him to depart the roadway and lose control of his vehicle. It was later determined that [Richmond] was driving under the influence and placed under arrest." *Id.*

Strong alleges that she was injured as a result of the collision. *See* Dkt. No. 13 at 6. She sued Paradise, alleging he was negligent for

   a.  Failing to make reasonable and proper observations while driving;
   b.  Failing to perform a proper pre-trip inspection of the bus;
   c.  Failing to timely react to the prior mechanical issues with the bus;
   d.  Operating the Greyhound Lines, Inc. bus in such a poor mechanical condition as to likely cause an accident or breakdown in violation of 49 CFR § 396.7;
   e.  Deciding to park the Greyhound Lines, Inc. bus in an unsafe position on the shoulder of the highway in violation of the universally recognized industry standards for operators of commercial motor vehicles like the bus in question; [and]
   f.  Failing to have and/or to place any warning devices to notify other drivers' of their presence on the side of the road in violation of CFR § 392.22.

*Id.* at 7.

Strong alleged that Greyhound is liable for Paradise's negligence under the theory of respondeat superior. *See id.* at 8. She contends that Paradise was acting in the course and within the scope of his employment with Greyhound. *See id.*

Strong also sued Greyhound for negligent entrustment; negligent hiring, retention, training, and supervision; negligent maintenance; and gross negligence based on the foregoing. *See id.* at 8-10. She seeks actual and punitive damages. *See id.* at 9.

Greyhound moved for summary judgment "on all of Plaintiff's claims, including for negligence, gross negligence, and punitive damages." Dkt. No. 145 at 1. It argues

that, "because Greyhound's alleged acts or omissions were not a proximate cause of the collision, all of Plaintiff's claims (including her derivative negligence-based respondeat superior and negligent entrustment claims) fail as a matter of law." *Id.*

Greyhound also contends that Strong's gross negligence and punitive damages claims are barred by Section 41.005 of the Texas Civil Practice and Remedies Code. *See id.*

Paradise joined Greyhound's motion. *See* Dkt. Nos. 143 & 154.

Strong moved for summary judgment on Greyhound's affirmative defenses: contributory negligence, assumption of the risk, injury by a fellow servant, failure to mitigate damages, preemption, statute of limitations, and statute of repose. *See* Dkt. No. 144 at 1.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). And "[a] factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of

the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625 (cleaned up); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the

pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625.

"The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted).

And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable

-6-

inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)); *Hassen v. Ruston La. Hosp. Co., L.L.C.*, 932 F.3d 353, 355 (5th Cir. 2019) (A court must "view the evidence and draw all justifiable inferences in favor of the nonmovant. Even so, barebones, conclusory, or otherwise-unsupported assertions won't cut it; the nonmovant 'must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial.'" (footnotes omitted)).

So, "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under

-7-

the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a]

failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

But, if "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense," for example, that movant "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

Accordingly, the moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). That is, "[w]hen the party moving for summary judgment also bears the burden of proving the claim, he must establish that there is no genuine dispute of material fact as to every element of its claim, so that the evidence is so overwhelming that he is entitled to judgment in his favor." *Turner v. Criswell*, No. 4:19-CV-226-ALM-CAN, 2020 WL 1901086, at *3 (E.D. Tex. Jan. 6, 2020) (cleaned up), *rec, adopted*, 2020 WL 613963 (E.D. Tex. Feb. 10, 2020).

"If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Evanston Ins. Co. v. Lapolla Indus., Inc.*, 93 F. Supp. 3d 606, 611 (S.D. Tex. 2015) (quoting *Quorum Health Res., L.L.C. v.*

*Maverick Cnty. Hosp. Dist.*, 308 F.3d 451, 471 (5th Cir. 2002) (citing *Little*, 37 F.3d at 1075)), *aff'd*, 634 F. App'x 439 (5th Cir. 2015) (per curiam).

And, on a plaintiff's motion seeking summary judgment in its favor on its own claims, the Court will "draw all reasonable inferences in favor of the non-moving party" – that is, in favor of the defendant. *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

And, so, this "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007); *accord Wilson v. Dall. Indep. Sch. Dist.*, No. 3:18-cv-34-G-BN, 2020 WL 825819, at *7 (N.D. Tex. Jan. 17, 2020) ("[B]eyond peradventure" means "beyond doubt." (cleaned up)), *rec. adopted*, 2020 WL 821034 (N.D. Tex. Feb. 18, 2020).

But, on a plaintiff's motion on its own claim, "summary judgment is appropriate where the evidence would require a directed verdict." *Hernandez v. Trendy Collections, LLC*, No. 3:17-cv-2049-BN, 2018 WL 4103723, at *13 (N.D. Tex. Aug. 29, 2018) (cleaned up).

That is, a plaintiff may prevail on its claim on its own motion where, drawing all inferences in the defendant's favor and viewing the summary judgment in the light most favorable to the defendant, the evidence is "so overwhelmingly in favor of [the plaintiff] that no reasonable jury could [arrive] at a verdict other than that [the plaintiff] proved" every essential element of its claim against the defendant. *Mid-*

*Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 550 (N.D. Tex. 2011), *aff'd*, 709 F.3d 515 (5th Cir. 2013).

## Analysis

## I.    The Court should grant Defendants' motion for summary judgment.

### A.  Defendants are entitled to summary judgment on Strong's negligence claims against Paradise because his actions were not the proximate cause of Strong's injuries.

The elements of a negligence cause of action in Texas are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach. *See Boudreaux*, 402 F.3d at 540-41 (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason,* 143 S.W.3d 794, 798 (Tex. 2004)).

Defendants argue that they are entitled to summary judgment on Strong's negligence claims because Strong failed to produce evidence that Defendants proximately caused her harm. *See* Dkt. No. 146 at 1.

A breach is the "proximate cause" of the plaintiff's harm when it is a "cause in fact" of the harm and "a reasonable prudent person should have known of the anticipated danger created by [the breach]." *Allison v. J.P. Morgan Chase Bank, N.A.*, No. 1:11-cv-342, 2012 WL 4633177, at *13 (E.D. Tex. Oct. 2, 2012); *Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 774-75 (Tex. 2010). Mere conjecture, guess, or speculation cannot establish proximate cause. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). Rather, the plaintiff must prove proximate cause with evidence of probative force. *See id.*

"The test for cause in fact is whether the negligent act or omission was a

substantial factor in bringing about the injury, without which the harm would not have occurred." *Id.* (internal citations omitted). But it is not enough to show cause in fact if the defendant did nothing more "than furnish a condition which made the injury possible." *Id.* "Instead, the evidence must show that the negligence was the proximate, not the remote, cause of the injuries and justify the conclusion that the injury was the natural probable result." *Katy Springs & Mfg. v. Favalora,* 476 S.W.3d 579, 590 (Tex. App. – Houston [14th Dist.] 2015, pet. denied) (citing *Ambrosio v. Carter's Shooting Ctr., Inc.*, 20 S.W.3d 262, 266 (Tex. App. – Houston [14th Dist.] 2000, pet. denied)).

And the mere occurrence of a collision does not establish negligence as a matter of law. *See Benavente v. Granger,* 312 S.W.3d 745, 749 (Tex. App. – Houston [1st Dist.] 2009, no pet.). Rather, the plaintiff still has the burden of proving negligence of the defendant as the proximate cause of an accident. *See id.* (quoting *Neese v. Dietz*, 845 S.W.2d 311, 313 (Tex. App. – Houston [1st Dist.] 1992, writ denied)).

Defendants argue that their actions were not a substantial factor in causing Strong's injuries. *See* Dkt. No. 146 at 12. And they contend that Mr. Richmond's actions were unforeseeable and break the causal chain of Defendants' actions. *See id.* at 11, 21.

In her response, Strong argues that "the evidence shows that the conduct of Paradise and Greyhound was a substantial factor in bringing about Plaintiff's injuries, without which, the harm would not have occurred, and that it was

foreseeable that a third party would strike the bus on the shoulder due to the absence of warning triangles." Dkt. No. 155-1 at 2. And she argues that, even if Mr. Richmond's actions were an intervening proximate cause, Defendants are nonetheless liable because there can be more than one proximate cause. *See id.* at 3.

The undersigned concludes that, on this summary judgment record, Defendants' actions were not the proximate cause of Strong's injuries because they were not a substantial factor in causing the collision.

### 1. Paradise's actions from before the bus broke down to when he pulled the bus over were not a substantial factor in causing the collision.

The undersigned first addresses the events that, according to Strong, led to Paradise parking the bus on the shoulder of the highway. These include Paradise's alleged failure to properly observe while driving, his alleged failure to properly inspect the bus, his alleged failure to timely react to the mechanical issues, his alleged poor operation of the bus, and his decision to park the bus on the shoulder. *See* Dkt. No. 13 at 7.

Strong does not dispute that the bus was parked on the shoulder for over an hour and that several vehicles drove by the bus without incident. Strong's expert Dr. Rider confirmed these facts. *See* Dkt. No. 147-5 at 7.

And there is no evidence that the breakdown or placement of the bus caused Mr. Richmond to drive onto the shoulder.

And, so, viewing the facts in the light most favorable to Strong, the undersigned finds that the events that caused the bus to break down and Paradise to

park on the shoulder are too attenuated to be the proximate cause of Strong's injuries. *See Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991) ("Plaintiffs assert that, had the sign functioned properly, [the plaintiff] would not have been at the place where the collision occurred at the time it occurred. We conclude that these particular circumstances are too remotely connected with [the defendant's] conduct to constitute legal cause.").

The acts and omissions that led to the bus's placement on the shoulder had ended and, so, cannot be a basis for Strong's negligence claims against Defendants. *See Reinicke v. Aeroground, Inc.*, 167 S.W.3d 385, 388 (Tex. App. – Houston [14th Dist.] 2005) (finding that, insofar as defendants allowed their tractor to run out of gas and parked it on the highway shoulder, those activities "had ended … well before the accident occurred" and could not support a negligence claim against defendants).

The bus's placement merely created the conditions for Strong's injury. *See id.* (citing *Timberwalk Apartments, Partners, Inc. v. Cain,* 972 S.W.2d 749, 753 (Tex. 1998); *Clayton W. Williams, Jr., Inc. v. Olivo,* 952 S.W.2d 523, 529 (Tex. 1997); *Keetch v. Kroger, Co.,* 845 S.W.2d 262, 264 (Tex. 1992)).

### 2. Paradise's failure to place reflective triangles on the road was not a substantial factor in causing the collision.

The undersigned now turns to the remaining alleged ground of negligence: Paradise's failure to place warning devices, such as reflective triangles, on the side of the road.

The parties do not dispute that Paradise violated Section 392.22 of the FMCSR

-14-

by failing to place reflective triangles within ten minutes of stopping the bus. *See* Dkt. No. 147-2 at 15. But Strong contends that the absence of warning triangles reduced the bus's conspicuity and caused the collision. Dkt. No. 155-1 at 4.

Viewing the facts in the light most favorable to Strong, the undersigned finds that, even if warning triangles would have increased the bus's conspicuity, there is no evidence that they would have prevented the accident.

The police report shows that the bus was parked on the shoulder and was not in the roadway. Dkt. No. 147-6 at 5. Strong's experts agreed that the bus was parked two feet from the boundary of the road, that the bus was not blocking the roadway, and that other vehicles drove past the bus without colliding with it. *See* Dkt. No. 147-4 at 8; Dkt. No. 147-5 at 7-8.

And, so, "[h]ad [Richmond's car] remained in the roadway, as would ordinarily be expected of a driver in the exercise of reasonable care in such driving conditions, there is no evidence that any mishap would have occurred." *Reinicke*, 167 S.W.3d at 389 (finding, where defendants' rig was not parked in the roadway, that "the cause of the accident was whatever other event or condition caused the van to leave the roadway in the first place); *c.f. Homeland Exp., L.L.C. v. Seale*, 420 S.W.3d 145, 149 (holding defendant liable for causing a collision "by parking the rig where he did and failing to place reflective warning devices behind it" where the rig was partially blocking the roadway; *Becerra v. Sw. Bell Tel. Co.*, No. 14-10-536-cv, 2011 WL 1744201, at *1 (holding defendant liable for causing a collision where defendant's

-15-

truck, which was hit by the plaintiff, "occupied almost the entire eastbound lane" of the road).

And the report states that Mr. Richmond was asleep at the wheel and lost control of the vehicle. Dkt. No. 147-6 at 5.

Strong provides no evidence to dispute these facts, such as evidence that Mr. Richmond was conscious for part of the time that he left the roadway or that he made any abrupt or evasive maneuvers. *See Reinicke*, 167 S.W.3d at 389 (finding location of defendant's parked rig was not the proximate cause where driver left the road for unknown reasons and took no evasive maneuvers); *c.f. Homeland Exp.*, 420 S.W.3d at 150 (finding location of defendant's parked rig was the proximate cause where third-party driver left the roadway to avoid a truck that cut him off); *Becerra*, 2011 WL 1744201, at *6 n.8 (finding location of defendant's parked truck was the proximate cause where plaintiff's "acts were fully explainable and directly related to the risk created by [defendant's] visual obstruction at an intersection").

And, because Mr. Richmond was not deposed, he could not testify about his state of consciousness. *C.f. J.D. Abrams, Inc. c. McIver*, 966 S.W.2d 87, 94 (finding evidence of proximate cause where the driver "testified that if had [seen warning signs], he would have slowed down").

Strong contends that the testimony of two of her experts – Thomas J. Carrigan and Kevin Rider – provides sufficient evidence for a jury to find proximate cause. Dkt. No. 155-1 at 12.

-16-

But Mr. Carrigan's testimony provides no evidence of causation. He called the collision "preventable." Dkt. No. 147-4 at 15. But he explained that "all types of crashes are considered to be preventable if the driver was in violation of company operating rules or instructions … or the regulations of any federal or state agency." *Id.* at 15-16. Mr. Carrigan labeled the crash in this case as "preventable" because Paradise violated federal regulations.

Mr. Carrigan clarified that "preventability" and "cause" are "different." *Id.* at 17. And, when asked if he could say whether the failure to place triangles "caused or contributed to caus[ing] the accident," he answered: "I can't say that with any degree of certainty." *Id.* at 18. He also stated that, if the driver was too impaired to see the triangles, they would not have prevented the accident. *Id.* at 15.

And, so, although Mr. Carrigan's testimony may provide evidence of duty or breach, it does not support the causation element of Strong's negligence claim.

And Dr. Rider's testimony alone cannot prove causation. While his testimony provides evidence that warning triangles would have increased the visibility and response time of a driver who could see them, Dr. Rider did not know whether Mr. Richmond was alert or awake enough to see any warnings. *See* Dkt. No. 147-5 at 6. Dr. Rider testified that he had no information about Mr. Richmond's state of mind beyond the police report and that he "[doesn't] know, necessarily … what or when [Mr. Richmond] observed certain things." *Id.* at 3.

Dr. Rider noted that "intoxication does not prevent someone from seeing a

light." *Id.* at 6. But he made no similar assessments about a driver who is asleep.

And, so, without additional evidence of Mr. Richmond's consciousness, Dr. Rider's testimony alone cannot prove that the lack of warning triangles was a substantial factor in causing the collision.

As to Strong's argument that warning triangles could have alerted Mr. Richmond if he had driven over them, Strong points to no evidence in the record to prove that assertion. *See* Dkt. No. 155-1 at 8.

Finding that a driver who was asleep at the wheel would have seen and responded to visual cues like reflective triangles would be an "improbable inference." *Brown*, 337 F.3d at 541; *see also Lear Siegler*, 819 S.W.2d at 472 ("It is undisputed that Lerma was asleep, and proper operation of the flashing arrow sign would have had no effect on his conduct."). And concluding that Mr. Richmond would have stayed on the roadway or corrected his course if Paradise had placed triangles "would be wholly speculative." *Reinicke*, 167 S.W.3d at 389.

The undersigned finds that "there is no evidence that the presence of warning triangles would have … prevented the accident." *Id.*

And Strong has not provided evidence that Defendants' other acts and omissions causing the bus to be parked on the road, in the first instance, were substantial factors in the collision. Defendants' actions "merely furnished a condition that made it possible for the injury to instead result from" the separate acts of Mr. Richmond. *Id.* (citing *IHS Cedars Treatment Ctr.*, 143 S.W.3d at 799).

And, so, Strong has not raised a genuine dispute that Paradise's actions were the proximate cause of the collision.

And Defendants are entitled to judgment as a matter of law on Strong's negligence claims against Paradise.

### B. Defendants are entitled to summary judgment on Strong's negligence, gross negligence, and punitive damages claims against Greyhound.

#### 1. Negligence Claims against Greyhound

Strong brings claims against Greyhound, under the theory of respondeat superior, for Paradise's alleged negligence. *See* Dkt. No. 13 at 8. She also brings direct claims against Greyhound for negligent entrustment, hiring, retention, training, and supervision. *See id.* at 8-10.

Defendants moved for summary judgment on the claims. *See* Dkt. No. 145.

##### a. Respondeat Superior

Strong attempts to hold Greyhound liable for Paradise's acts and omissions under a theory of respondeat superior. *See* Dkt. No. 13 at 8. She alleges that Paradise was acting within the scope of his employment with Greyhound when the collision occurred. *See id.*

The common-law doctrine of respondeat superior holds one person vicariously liable for the acts of another based solely on the relationship between them. *See Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130-31 (Tex. 2018). Under the respondeat superior doctrine, "an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and

scope of his employment." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007).

And, so, to prove her claim against Greyhound under the doctrine of respondeat superior, Strong must produce evidence that its employee – Paradise – committed a negligent act against her.

Here, as discussed above, Strong's negligence claims against Paradise fail.

And, so, as a matter of law, she cannot succeed on a claim against Greyhound under a respondeat superior theory. And Defendants are entitled to summary judgment on this claim.

### b. Negligent Hiring, Retention, Training, Supervision, Maintenance, and Entrustment

To prevail on a claim for negligent hiring or supervision, the plaintiff must "establish not only that the employer was negligent in hiring or supervising the employee, but also that the employee committed an actionable tort against the plaintiff." *Noviello v. Holloway Funding Grp.*, No. 3:22-cv-52-BN, 2023 WL 128395, at *8 (N.D. Tex. Jan. 9, 2023) (quoting *Williams v. Hous. Corp. of Greater Houston*, No. CV H-14-2309, 2016 WL 5795136, at *11 (S.D. Tex. Sept. 16, 2016)).

Direct causes of action asserting negligent hiring, training, and supervision are based on the employer's own negligent conduct and not the employee's negligent conduct. *See Williams v. McCollister*, 671 F. Supp. 2d 884, 888 (S.D. Tex. 2009). But liability for negligent hiring, training, retention, or supervision is premised on proximate cause. *See Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 50 (2002).

-20-

To prevail on claims for negligent inspection, repair, and maintenance, a plaintiff must establish the elements of a standard negligence claim: duty, breach, causation, and damages. And, so, in an automobile collision case, a plaintiff must prove: (1) the defendant had a duty to maintain, repair or inspect the vehicle involved in the accident; (2) it breached the duty; and (3) its failure to maintain, repair or inspect the vehicle resulted in or contributed to the accident. *See Perez v. Boecken*, No. SA-19-cv-000375-XR, 2020 WL 3452990, at *3 (W.D. Tex. June 23, 2020).

To establish liability under a negligent entrustment theory, a plaintiff must show: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) at the time of entrustment, the owner knew or should have known that the driver was unlicensed, incompetent, or reckless; (4) the driver was negligent on the occasion in question; and (5) the driver's negligence proximately caused the accident. *See Goodyear Tire & Rubber*, 236 S.W.3d at 758.

In short, to prevail on any of the above claims, Strong must produce evidence that Greyhound's actions proximately caused the collision.

As explained above, any acts or omissions that led the bus to experience mechanical issues and forced Paradise to park on the shoulder of the highway did not proximately cause the collision. Paradise's failure to place reflective triangles was also not the proximate cause of the collision.

And, so, Strong cannot prove that Greyhound's alleged failure to properly hire, retain, train, or supervise Paradise or its alleged failure to properly maintain the bus

proximately caused the collision. Any acts or omissions that caused the bus to break down and be parked on the shoulder "had ended … well before the accident occurred." *See Reinicke*, 167 S.W.3d at 388. Those acts or omissions include Greyhound's decision to hire Paradise; Greyhound's training and supervision, or lack thereof, of Paradise; Greyhound's decision to entrust Paradise with the bus; and Greyhound's alleged failure to maintain the bus.

And, so, for the same reasons that Strong's claims against Paradise fail, her direct negligence claims against Greyhound also fail as a matter of law. And Defendants are entitled to summary judgment on those claims.

## 2. Gross Negligence and Punitive Damages Claims against Greyhound

The undersigned turns to Strong's gross negligence claim against Greyhound, premised on their hiring Paradise, their alleged failure to properly maintain the bus, and their alleged failure to properly train and supervise Paradise. *See* Dkt. No. 13 at 9-10.

Greyhound contends that Strong's gross negligence and punitive damages claims are barred by Section 41.005 of the Texas Civil Practice and Remedies Code. *See* Dkt. No. 146 at 22.

Without finding whether Section 41.005 bars Strong's claims for gross negligence and punitive damages, the undersigned concludes that those claims fail as a matter of law.

In Texas, a defendant "cannot be grossly negligent without being

-22-

negligent." *Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 949 (Tex. App. – Austin 1990, writ denied); *Driskill v. Ford Motor Co.*, 269 S.W.3d 199, 206 (Tex. App. – Texarkana 2008, no pet.)

As discussed above, Strong fails to provide evidence that Greyhound's acts or omissions were the proximate cause of her injuries and, as a result, that Greyhound is liable to Strong for negligence.

Because there is no evidence to sustain Strong's allegations of negligence, there is also insufficient evidence to substantiate her claims of gross negligence as the threshold for gross negligence is significantly higher than that of negligence. *See Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 327 (Tex. 1993) (evidence of simple negligence does not suffice to prove the elements of gross negligence); *see also Sneed v. Crown Equip. Corp.*, No. 3:23-cv-743-K, 2025 WL 923718, at *12-13 (punitive damages claim requires proof of gross negligence), *rec. adopted* 2025 WL 919388 (N.D. Tex. Mar. 26, 2025).

And, so, Defendants are entitled to summary judgment on Strong's gross negligence and punitive damages claims.

## II. The Court should grant in part and deny in part Strong's motion for summary judgment.

Strong moved for summary judgment on Defendants' affirmative defenses of contributory negligence, assumption of the risk, injury by a fellow servant, failure to mitigate damages, preemption, statute of limitations, and statute of repose. *See* Dkt. No. 144 at 1.

Greyhound responded. *See* Dkt. No. 153. It did not oppose summary judgment on the affirmative defenses of injury by a fellow servant, preemption, statute of limitations, and statute of repose. *See id.* at 1.

And, so, the Court should grant Strong's motion for summary judgment on those affirmative defenses.

As to the remaining affirmative defenses – contributory negligence, failure to mitigate damages, and assumption of the risk – the Court should determine that, because summary judgment should be granted in full on plaintiff's claims, summary judgment on these defenses should be denied as moot.

## Recommendation

The Court should grant Defendant Greyhound Lines, Inc.'s motion for summary judgment [Dkt. No. 145], joined by Defendant Raymond Paradise [Dkt. No. 143]; grant in part and deny in part Plaintiff Lyna Strong's motion for summary judgment [Dkt. No. 144]; and dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

-24-

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATE: November 18, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-25-